UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GREG P. GILSINGER,

    Plaintiff

    v.                                            COMPLAINT
                                                   Case Number: 21-831

CITIES AND VILLAGES MUTUAL
 INSURANCE COMPANY;
ANDREW J. SERIO,

    Defendants.

NOW COMES the Plaintiff, Greg P. Gilsinger, through his attorneys, Alan C. Olson & Associates, s.c., by Alan Olson, and, as and for a Complaint against the Defendants, Cities and Villages Mutual Insurance Company and Andrew J. Serio, alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff, Greg P. Gilsinger, alleges that Defendants, Cities and Villages Mutual Insurance Company and Andrew J. Serio, injured Gilsinger in his reputation, trade, business and/or profession; intentionally interfered with Gilsinger's actual and prospective contract relationships; made false statements of fact to third persons regarding Gilsinger; and, gave Gilsinger no notice or opportunity to be heard regarding the false statements. The conduct of Cities and Villages Mutual Insurance Company violated Gilsinger's right to free speech and due process protected by the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and the Age Discrimination In Employment Act of 1967 (ADEA).

2. Gilsinger brings additional state law claims for tortious interference with contractual relationships, defamation, breach of contract, violation of the covenant of good faith

and fair dealing, promissory estoppel, violation of Wisconsin Statute § 134.01 and violation of Const. Art. 1, §§ 3, 8 , cl. 1, *Wis. Stats*.

**JURISDICTION AND VENUE**

3.  Jurisdiction over Gilsinger's claims under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 is conferred on this Court by 29 U.S.C. § 1331.

4.  Jurisdiction over Gilsinger's ADEA claim is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 626(b).

5.  Supplemental jurisdiction over Gilsinger's claims for tortious interference with contractual relationships, defamation, breach of contract, violation of the covenant of good faith and fair dealing, promissory estoppel, violation of § 134.01, *Wis. Stats*. and Const. Art. 1, §§ 3, 8, cl. 1, *Wis. Stats*., is conferred on this court by 28 U.S.C. § 1367.

6.  The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because the Defendants reside in the Eastern District and their unlawful actions occurred in the Eastern District.

**CONDITIONS PRECEDENT**

7.  All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

8.  On June 22, 2020, a Notice of Claim was served on Cities and Villages Mutual Insurance Company, which was denied.

9.  On August 11, 2020, Gilsinger filed a Charge of Discrimination with the EEOC.

10. On June 7, 2021, the EEOC issued a Notice of Right To Sue.

## JURY DEMAND

11. Gilsinger demands that his case be tried to a jury of his peers.

## PARTIES

12. Plaintiff, Gilsinger, is an adult residing at 4033 West Dory Drive, Franklin, WI 53132.

13. Defendant, Cities and Villages Mutual Insurance Company ("CVMIC"), is a local governmental entity as defined by Wisconsin law, with its principal offices located at 9898 W. Bluemound Rd., Wauwatosa, WI 53226.

14. Defendant, Andrew J. Serio, is an adult who lives at 8209 Warren Ave., Milwaukee, WI 53213.

## OPERATIVE FACTS

15. Gilsinger commenced employment with CVMIC on December 8, 1997 as the Worker's Compensation Claims Manager.

16. On or about December 20, 2018, Gilsinger received a favorable performance evaluation from CVMIC.

17. On or about February 1, 2019, CVMIC affirmed its written Employee Policies & Procedures Manual which affords employees in Gilsinger's position the contractual right to appeal an employment decision to CVMIC's board of directors.

18. For twenty-two years CVMIC utilized a progressive discipline policy and procedure for all employees and board members, which afforded specific notice of perceived deficiencies, defined corrective action, assistance in curing the perceived deficiencies, an explanation of the consequences if corrective actions is not accomplished, a timeline for

completion, with follow-up and closure. Gilsinger relied on this progressive discipline policy and expected to be afforded its protections.

19. Gilsinger's title was changed to the Director of the Workers Compensation Division, which he led to great success as CVMIC's top revenue producer.

20. In July 2019, the Chief Executive Officer, to whom the two Directors reported, announced his prospective retirement by late 2020 or early 2021.

21. In July 2019, the Director of the Liability Division announced his intention to retire in or before July 2020.

22. On October 31, 2019, CVMIC terminated Gilsinger's employment. He was 58 years old at the time of termination and had been employed at CVMIC for nearly 22 years.

23. CVMIC's CEO, Ken Horner, offered Gilsinger a severance and release agreement and falsely represented that Gilsinger's termination was the result of an "organizational re-organization".

24. Gilsinger opposed the termination and gave notice that he was appealing the decision to the CVMIC Board. The purpose of Gilsinger's appeal was to exercise his rights under the First and Fourteenth Amendments of the U.S. Constitution outside the scope of his ordinary duties regarding important matters of public concern, the inefficient and ineffective manner of CVMIC's operations, the misuse of public funds, breaches of public trust, and the lack of integrity and incompetence of CVMIC's officials. Such matters of public concern included misappropriation of funds, poor management culture, no independent HR department, employees lacking insurance experience, lack of specific financial goals, conflicts with the members, mistrust of administrators, retaliatory restrictions on post-employment competition, dishonesty of

administrators, and suppression of First Amendment rights through phony and retaliatory discipline.

25. On November 22, 2019, CVMIC quashed Gilsinger's exercise of his constitutional rights by withdrawing the severance and release agreement, falsely claiming they uncovered information that Gilsinger had been working on his personal business entity on CVMIC time; that Gilsinger misappropriated CVMIC property in connection with such efforts, and that such actions were competitive and/or conflict with CVMIC's interests.

26. CVMIC denied Gilsinger's appeal without notice and opportunity to be heard.

27. Defendant, Serio, falsely told CVMIC that Gilsinger was operating a business, QMCS, in conflict with Gilsinger's employment with CVMIC.

28. Serio and CVMIC knew that QMCS was not in competition with CVMIC.

29. Serio knew that CVMIC made its revenue from issuing policies of insurance.

30. Serio knew that CVMIC would lose no insurance business, clients or revenue as a result of QMCS.

31. Serio and CVMIC were aware of Gilsinger's desire to avoid even the appearance of a conflict of interest.

32. CVMIC made no effort to confirm the veracity of Serio's false statements.

33. During December 2019, CVMIC falsely told Glen Boyle, manager of Equian's Milwaukee office, that Gilsinger was misappropriating CVMIC contracts.

34. CVMIC was aware that Equian and QMCS had no formal relationship while Gilsinger was employed at CVMIC.

35. During December 2019, CVMIC falsely accused Attorney Rick Ceman with the law firm of Bascom, Budish & Ceman of double billing CVMIC for work he had done for QMCS.

36. Serio's statements to CVMIC about Gilsinger having a competing business or a conflict were false statements of fact, defamatory and were used by CVMIC to terminate Gilsinger's employment and quash his Constitutional freedoms.

37. The property interest of Gilsinger in his employment was one conferred by the law of the state and, as such, is protected by the due-process provisions of both the state and federal Constitutions.

38. CVMIC and Serio combined, associated, agreed, mutually undertook and/or concerted together for the purpose of willfully or maliciously injuring Gilsinger in his reputation, trade, business and/or profession; intentionally interfered with Gilsinger's actual and prospective contract relationships with Boyle, Equian, Attorney Ceman and the law firm of Bascom, Budish & Ceman; and, made false statements of fact to third persons, while Serio acted individually and as agent for the CVMIC, regarding Gilsinger, by making false statements that Gilsinger was engaged in dishonest, disloyal and unlawful conduct in competition with CVMIC.

39. As a result of CVMIC and Serio combining, associating, agreeing, mutually undertaking and/or concerting together for the purpose of willfully or maliciously injuring Gilsinger in his reputation, trade, business and/or profession; intentionally interfering with Gilsinger's actual and prospective contract relationships with Boyle, Equian, Attorney Ceman and the law firm of Bascom, Budish & Ceman; and, making false statements of fact to third persons, Gilsinger lost actual and prospective contract relationships with Boyle, Equian, Attorney Ceman and the law firm of Bascom, Budish & Ceman.

40. The actions of CVMIC and Serio resulted in the termination of Gilsinger's employment with CVMIC, without notice and an opportunity to be heard.

41. CVMIC gave Gilsinger no notice or opportunity to be heard regarding the false statements made by Serio.

42. Gilsinger's good name, reputation, honor and integrity were at stake because of what CVMIC and Serio did to him.

43. CVMIC denied Gilsinger's Constitutional right to due process before being condemned to suffer grievous losses.

44. CVMIC foreclosed Gilsinger's freedom to take advantage of other employment opportunities.

45. The unconscionable conduct of CVMIC, acting arbitrarily, without basis in fact, and without a fair procedure and hearing, denied Gilsinger due process of law.

46. As a result of CVMIC and Serio concerting together for the purpose of willfully or maliciously injuring Gilsinger in his reputation, trade, business and/or profession; intentionally interfering with Gilsinger's actual and prospective contract relationships with Boyle, Equian, Attorney Ceman and the law firm of Bascom, Budish & Ceman; and, making false statements of fact to third persons, all without notice or opportunity for Gilsinger to be heard, Gilsinger has suffered a stigma, injuries to his reputation, trade, business and/or profession, humiliation, mental anguish, emotional distress, monetary losses, harm to his personal relationships with his family, stress and injury to his physical and mental well-being.

47. CVMIC's adverse treatment of Gilsinger as described *supra*, was motivated by his age.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS

48. As and for a first claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

49. CVMIC violated Gilsinger's right to due process protected by the Fourteenth Amendment of the United States Constitution, *Wis. Stats*. Const. Art. 1, § 8 , cl. 1 and 42 U.S.C. § 1983.

50. CVMIC's violation of Gilsinger's right to due process protected by the Fourteenth Amendment of the United States Constitution and *Wis. Stats*. Const. Art. 1, § 8 , cl. 1 and 42 U.S.C. § 1983, deprived Gilsinger of his liberty, property, trade, business and/or profession, and significantly undermined opportunities for future employment, all to his damage.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT

51. As and for a second claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

52. CVMIC violated Gilsinger's right to free speech protected by the First Amendment of the United States Constitution, *Wis. Stats*. Const. Art. 1, § 3 and 42 U.S.C. § 1983.

53. CVMIC's violation of Gilsinger's right to free speech protected by the First Amendment of the United States Constitution, *Wis. Stats*. Const. Art. 1, § 3 and 42 U.S.C. § 1983, deprived Gilsinger of his right to speak regarding important matters of public concern, the inefficient and ineffective manner of CVMIC's operations, the misuse of public funds, breaches of public trust, lack of integrity and incompetence of CVMIC's officials, and significantly undermined Gilsinger's opportunities for future employment, all to his damage.

## THIRD CLAIM FOR RELIEF
## DEFAMATION

54. As and for a third claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

55. The statements more particularly described above by CVMIC and Serio were defamatory, slanderous, created a stigma and harmed the personal and professional business reputation of Gilsinger, so as to lower him in the estimation of the community and to deter third persons from associating and dealing with him; caused him monetary losses, humiliation, mental anguish, emotional distress, monetary losses, harm to his personal relationships with his family, stress and injury to his physical and mental well-being, all to his damage.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH PROFESSIONAL RELATIONSHIPS

56. As and for a fourth claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

57. Gilsinger had contracts and prospective contracts with Boyle, Equian, Attorney Ceman and the law firm of Bascom, Budish & Ceman, which CVMIC and Serio intentionally and improperly interfered with, having no justification or privilege to do so, causing Gilsinger to suffer monetary losses, humiliation, mental anguish, emotional distress, monetary losses, harm to his personal relationships with his family, stress and injury to his physical and mental well-being, all to his damage.

## FIFTH CLAIM FOR RELIEF
## INJURY TO BUSINESS – *WIS. STAT.* § 134.01

58. As and for a fifth claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

59. CVMIC and Serio combined, associated, agreed, mutually undertook and/or concerted together for the purpose of willfully or maliciously injuring Gilsinger in his reputation, trade, business and/or profession in violation of Wisconsin Statute § 134.01, causing injury to Gilsinger in his reputation, trade, business and/or profession, all to his damage.

### SIXTH CLAIM FOR RELIEF
### AGE DISCRIMINATION

60. As and for an alternative sixth claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

61. The allegations more particularly described above constituted violations of the ADEA [29 U.S.C. § 621, *et. seq.*] when CVMIC discharged Gilsinger, damaged his reputation and denied his Constitutional freedoms because of his age, causing him to suffer a loss of employment compensation and other damages.

### SEVENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

62. As and for a seventh claim for relief, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

63. The allegations more particularly described above constitute an offer and acceptance of a contract supported by consideration, that was breached by CVMIC when it denied progressive discipline protection and an appeal hearing, causing Gilsinger to suffer, without limitation, a loss of the benefits of his bargain.

### EIGHTH CLAIM FOR RELIEF
### PROMISSORY ESTOPPEL

64. As and for an eighth and alternate claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

65. Defendant promised Gilsinger progressive discipline protection and an appeal

hearing, which Gilsinger reasonably relied upon.

66. The allegations more particularly described above constitute circumstances underwhich Gilsinger should receive compensation for the detriment caused by his reliance upon the promises that CVMIC intended for Gilsinger to rely upon.

67. By reason of the foregoing promises by CVMIC, Gilsinger has been caused to suffer compensatory and special damages, including but not limited to loss of employment, loss of past earnings, loss of future earnings, loss of benefits, damage to his business reputation and career, and has otherwise been caused to be damaged thereby.

### NINTH CLAIM FOR RELIEF
### COVENANT OF GOOD FAITH AND FAIR DEALING

68. As and for a ninth claim for relief, Gilsinger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

69. CVMIC had an affirmative duty pursuant to a covenant of good faith and fair dealing in its performance of business dealings and the enforcement of its contract for Gilsinger's right to progressive discipline and an appeal of the decision to terminate his employment.

70. CVMIC breached its covenant of good faith and fair dealing with Gilsinger when it terminated Gilsinger and refused to allow him to appeal the decision.

71. By reason of the foregoing breach of covenant of good faith and fair dealing by CVMIC, Gilsinger has been caused to suffer compensatory and special damages, including but not limited to loss of employment, loss of past earnings, loss of future earnings, loss of benefits, damage to business reputation and career, and has otherwise been caused to be damaged thereby.

Wherefore, Plaintiff, Greg P. Gilsinger, demands that judgment be entered and Defendants ordered to provide the following remedies:

a. Reinstatement of Gilsinger to the same employment status he would have had with CVMIC but for the adverse employment action;

b. Compensation for the monetary losses suffered by Gilsinger;

c. Compensation for the damage caused to Gilsinger's reputation, trade, business and/or profession;

d. Compensation for Gilsinger's humiliation, mental anguish, emotional distress, harm to his personal relationships with his family, stress and injury to his physical and mental well-being;

e. Payment of the attorney's fees incurred by Gilsinger in prosecuting his claims, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 216(b) and 29 U.S.C. § 626(b);

f. Payment of punitive damages in an amount sufficient to punish Defendants and deter them from such unlawful conduct, now and in the future;

g. Pursuant to 29 U.S.C. § 626(b), in addition to relief demanded above, an additional amount as liquidated damages equal to the sum of back pay with accrued interest, for violations of the ADEA;

h. Payment of the costs and expenses incurred by Gilsinger in litigating his claims;

i. Payment of the interest incurred by Gilsinger as a result of Defendants' refusal to pay his claims;

j. Such other relief as the Court deems just and equitable.

Dated this 8th day of July, 2021.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff

Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com