UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREG P. GILSINGER,

   Plaintiff,

v.

CITIES AND VILLAGES MUTUAL INSURANCE
COMPANY and ANDREW J. SERIO,

   Defendants,

and,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

   Intervening Defendant.

Case No. 2:21-cv-00831-JPS

## CITIES AND VILLAGES MUTUAL INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

Defendant Cities and Villages Mutual Insurance Company ("CVMIC"), by its attorneys, Wirth + Baynard, submits the following reply brief in support of its motion for partial judgment on the pleadings.

### INTRODUCTION

Gilsinger's Response brief fails to assert any legal basis for denying CVMIC's Motion for Partial Judgment on the Pleadings. Instead, Gilsinger boldly mislabels his Response brief as a "Brief in Opposition to [CVMIC's] Motion to Dismiss" and asserts that CVMIC's filing of its Motion is sanctionable. Gilsinger then ironically argues that he should be granted a second chance to amend his deficient pleading. Gilsinger should not be granted leave, and CVMIC's motion should be granted.

Gilsinger is the only one who knows who he believes violated his rights. He is also the only one who can allege who violated his rights—it is not CVMIC's responsibility to assert those allegations for him. Further, this matter has already been litigated in the EEOC administrative forum, where Gilsinger had the opportunity to conduct discovery, and did in fact receive evidentiary documents and a position statement from CVMIC. In fact, Gilsinger himself argues that he possess the names of some responsible CVMIC employees, and also asserts that his previous EEOC charge was more specific. (DKT. 48, p. 9) Why Gilsinger, who worked at CVMIC for 22 years in a managerial position, chose to leave out CVMIC employee names, allegations from his previous filings, and information already known to him, is a mystery. CVMIC is not required to act as both Plaintiff and Defendant and write his complaint for him.

There is also no requirement in the Court Order or otherwise for CVMIC to meet and confer prior to filing a motion for judgment on the pleadings, nor can CVMIC guess or speculate about who Gilsinger claims has harmed him. Yet, even if there were such a requirement to meet and confer, such meeting would have been futile because CVMIC agreed to his fact allegations for purposes of the Motion. Thus, Gilsigner's state law tort claims for defamation, intentional interference with professional relationships, and injury to business, along with his age discrimination and promissory estoppel claims against CVMIC, must be dismissed.

Alternatively, if the Court decides to grant Gilsinger leave to amend, which Gilsinger failed to move for, CVMIC respectfully requests that the Court grant its attorney's fees for the cost of litigating the matter through the Amended Complaint.

**ARGUMENT**

I.     **GILSINGER RELIES ON THE WRONG STANDARD.**

Gilsinger's Response brief only argues the motion to dismiss standard. (Dkt. 48, p. 4-5) However, as CVMIC placed Gilsinger on notice in its Motion, CVMIC moved for judgment on the pleadings, which incorporates elements of the motion to dismiss standard <u>and</u> summary judgment standard. (*See* Dkt. 39, 40)

A motion for judgment on the pleadings is a device to narrow and dispose of issues without the necessity of trial, "thereby easing crowded trial dockets in the federal district courts." *Williams v. Hutchinson*, No. 15-CV-457-DRH-CJP, 2016 WL 6610428, at *4 (S.D. Ill. Nov. 9, 2016); *citing* Federal Practice & Procedure, Civil § 1368 (3d ed.). A defendant may use a Rule 12(c) motion after the close of the pleadings to raise various Rule 12(b) defenses regarding procedural defects <u>and</u> to dispose of the case on the basis of the underlying substantive merits. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). As such, the "appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Id.* The court therefore must "take all well-pleaded allegations in the plaintiffs' pleading to be true." *Id.*

Indeed, CVMIC's moving brief laid out the relevant facts from Gilsinger's Amended Complaint, and argued that accepting Gilsinger's factual allegations as true, Gilsinger cannot support his state law tort claims, age discrimination claim, and promissory estoppel claims. *See* (Dkt. 40, p. 1-4) Gilsinger's Response fatally fails to recognize that CVMIC moved for judgment on the pleadings and that it made arguments that his claims procedurally and substantively fail. Gilsinger's failure is highlighted by his argument that CVMIC relied on cases which this Court

rejected as "procedurally inapposite" at the pleading stage. (DKT. 48, p. 8)  However, this matter is no longer in the pleading stage.

Moreover, when a party moves for judgment on the pleadings incorporating substantive issues, a court may rely on summary and post-judgment standards to explain the substantive legal standards that apply to the case. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (ruling that when a movant moves for judgment on the pleadings the court may rely on summary judgment cases at the pleading stage to explain the substantive legal standards that apply to the case).  This is exactly what CVMIC did.

Because Gilsinger does not dispute any of his own allegations, the Court must accept those facts as true, entitling CVMIC to judgment on the pleadings as to the moved-upon claims.

**II.     CVMIC WAS NOT REQUIRED TO MEET AND CONFER WITH GILSINGER'S COUNSEL BEFORE FILING ITS MOTION.**

Gilsinger argues that CVMIC was required to meet and confer with his counsel prior to filing its Motion. (Dkt. 48, p. 3)  Gilsinger is incorrect. The standing Court Order provides that parties must meet and confer prior to filing <u>motions to dismiss or motions for summary judgment</u>. *See* (Dkt. 36, p. 3-4)  The Order does not require the parties to meet and confer prior to filing a motion for judgment on the pleadings. (*Id.*)

Even if counsel was required to meet and confer with Gilsinger's counsel there would be nothing on which to confer.  CVMIC has accepted Gilsinger's factual allegations as true for purposes of the Motion.  Thus, there is no potential dispute of facts on which to stipulate. Furthermore, Gilsinger is the one who is responsible for placing CVMIC on notice of his claims. *Bell Alt. Corp. v.* Twombly, 550 U.S. 544, 554-56 (2007).  Gilsinger cannot assert that someone at CVMIC intentionally harmed him, and simultaneously request that the Court place the burden on CVMIC to advise him of his alleged intentional tortfeasor(s).  As the Court ruled, "mediocrity,

animated with a lack of attention to detail, resulting in poor preparation, has no place in the skill set of any practicing member of the bar who holds himself or herself out as an officer of the Court." (Dkt. 36, p. 1-2) It is not on CVMIC to revise Gilsinger's deficient pleading for him.

In addition, Gilsinger's argued requirement would compel Defense Counsel to violate the legal profession's long-standing ethical standards. *See e.g.* Rule 1.3; Rule 1.7-1.8 (Attorneys have an ethical obligation to their own client, and need to avoid even the appearance of a conflict of interest). Defense Counsel cannot act as both Plaintiff and Defense counsel in this matter and advise Gilsinger on each of his allegations as he has argued. *See* (Dkt. 48, p. 3)

The Court has set no such requirements on a motion for judgment on the pleadings. Gilsinger's meet and confer argument must be rejected.

### III. GILSINGER'S STATE LAW CLAIMS FAIL.

Gilsinger's Response, argues that he placed CVMIC on notice as to the nature of his claims and identifies by name at least one CVMIC employee, Ken Horner, who was involved in the alleged tortious acts. (Dkt. 48, p. 4) Gilsinger later argues that he has knowledge that Michelle Voskuil was involved in tortious acts committed against him. (Dkt. 48, p. 5) Gilsinger's Amended Complaint, however, does not name Horner as a defendant and the Amended Complaint does not even mention Voskuil. *See* (Dkt. 48) Nor does his Amended Complaint or Brief demonstrate any facts that the CVMIC employees' conduct were "within the scope of [their] employment." *Javier v. City of Milwaukee*, 670 F.3d 823, 831 (7th Cir. 2012); *Behrendt v. Gulf Underwriters Ins. Co.,* 318 Wis. 2d 622, 768 N.W.2d 568, 578 (2009)("The question as to vicarious liability is whether at the time of the act alleged, the employee's conduct was within the scope of his employment, which we have defined as conduct that is 'actuated, at least in part, by a purpose to serve the employer.'").

5

Further, none of his allegations related to Horner involve tortious acts. For example, Ken Horner is mentioned twice in Gilsinger's Amended Complaint:

> 24. CVMIC CEO, Ken Horner, offered Gilsinger a severance and release agreement and falsely represented that Gilsigner's termination was the result of an "organization re-organization." (Dkt. 25, ¶ 24)

> 43. In April of 2019, Serio told Horner that Gilsinger had set up a personal business, the nature of which was a conflict with Gilsinger's employment with CVMIC.

Horner offering Gilsinger a severance and release agreement and falsely representing that Gilsigner's termination was the result of an "organization re-organization" does not support a claim for defamation, intentional interference with professional relationships, or injury to business. Neither does his allegation that Serio told Horner that Gilsigner had set up a personal business in conflict with CVMIC.

Because Gilsinger's allegations do not put CVMIC on notice of any tortious conduct that any CVMIC employee took towards him, his state law tort claims must be dismissed.

### A. Gilsinger's Vague Allegations that CVMIC Employees Acted in Concert With Serio Fail to State a Claim.

Gilsinger argues that he placed CVMIC on notice by alleging that CVMIC employees and Serio acted in concert when committing wrongful acts. (Dkt. 48, p. 4) This argument falls well short of pleading standard and does not establish vicarious liability. As noted in the moving Brief, factual allegations must give enough information "to raise a right to relief above the speculative level." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, there must be more than just the *possibility* of misconduct by a CVMIC employee. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A review of Gilsinger's Amended Complaint and Response, shows that he is only speculating that a CVMIC employee acted in concert with Serio. This vague, conclusory, and

speculative assumption is a far cry from placing CVMIC on notice of any wrongful act. And, as argued above, CVMIC had no requirement to guess who those employees may be, and advise him on the same.

Further, a prerequisite to vicarious liability under *respondeat superior* is the existence of a master/servant relationship. *Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶ 18, 273 Wis. 2d 106, 116–117, 682 N.W.2d 328, 334. "A servant is one employed to perform the service for another in his affairs and who, with respect to his physical conduct in performance of the service, is subject to the other's control or right to control. *Heims v. Hanke*, 5 Wis.2d 465, 468, 93 N.W.2d 455, 457 (1958) (*citing* Restatement (Second) of Agency § 220) (partially overruled on other grounds by *Butzow v. Wausau Mem'l Hosp.*, 51 Wis.2d 281, 187 N.W.2d 349 (1971)). Therefore, Gilsinger was required to demonstrate that CVMIC had control over the employees committing the alleged tortious acts towards him. Gilsinger's pleading, however, does not allege that CVMIC had control over any of the unidentified employees. *See generally* (Dkt. 25) Simply stating that a CVMIC employee acted in concert with Serio does not establish that CVMIC controlled the employee's actions. CVMIC cannot be vicariously liable without control over the employees' actions.

As such, Gilsinger's state law tort claims must be dismissed.

### B. Gilsinger's Defamation Claims Against CVMIC Based on Occurrences in the Course of his Employment are Pre-Empted by the Exclusive Remedy Provision of the Wisconsin Worker's Compensation Act.

Gilsinger incorrectly argues that CVMIC took the position that the WCA covers acts outside the scope of his employment. (Dkt. 48, p. 5) That is not what CVMIC argued in its moving brief.

CVMIC argued that the "Amended Complaint includes a broad, non-specific allegation of defamation against CVMIC." (Dkt. 40, p. 8) CVMIC then argued that "to the extent the Court

7

allows Gilsinger to proceed with a defamation claim against CVMIC, any claim based on events occurring <u>before</u> October 31, 2019 would be pre-empted by the WCA and cannot survive [the] motion." (Dkt. 40, p. 8-9) Gilsinger was terminated on October 31, 2019. Clearly then, CVMIC has not made the argument that the Wisconsin Worker's Compensation Act ("WCA") applies to any defamation claim after his termination.

Because there is no dispute that the WCA covers defamation claims occurring during Gilsinger's employment and Gilsinger has not alleged that any CVMIC employee defamed him, those claims must be dismissed.

### C. Gilsinger's Intentional Interference with Professional Relationships Claim Against CVMIC Fails.

Gilsinger's intentional interference argument, like his other vicarious liability arguments, misses the point. Gilsinger argues that the same individuals who defamed him also interfered with his prospective contracts. (Dkt. 48, p. 7) However, as noted above, Gilsinger does not identify these individuals in his Amended Complaint. His Response that Horner and Voskuil interfered still fails because he does not argue that the employees were under the control of CVMIC or that they <u>intentionally</u> interfered with his prospective contracts.

As argued in the moving Brief, in order for Gilsinger to state a claim for tortious interference against CVMIC he was required to sufficiently plead that (1) a prospective contractual relationship with a third party; (2) that defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) the defendant was no justified or privileged to interfere. *Medline Indus., Inc. v. Diversey, Inc.*, 563 F. Supp. 3d 894, 907 (E.D. Wis. 2021).

Gilsinger only plead broad, sweeping allegations that CVMIC employees acted in concert with Serio to intentionally interfere with prospective contracts. No CVMIC employee was

8

included in the allegations and CVMIC cannot act with intent—only an employee can do that. Gilsinger affirmatively alleged that Serio was not a CVMIC employee. Thus, Gilsinger's claim must fail.

### D. Gilsinger's Injury to Business Claim Fails.

Gilsinger argues that because the Court ruled that his injury to business claim was valid in respect to Serio, it is also valid in respect to CVMIC. (Dkt. 48, p. 8) Gilsinger's argument fails to recognize that with regard to Serio, he specifically identified him as a tortfeasor and affirmatively plead that Serio was not a CVMIC employee. CVMIC and Serio are separate Defendants, and his claims with regard to CVMIC are deficient. Gilsinger did not plead factual allegations demonstrating that a CVMIC employee intentionally interfered with his business.

Moreover, Gilsinger relies on an incorrect understanding of the law and procedure with regard to motions for judgment on the pleadings. Gilsignger argues that malice cannot be considered at this stage. (Dkt. 48, p. 8) As noted above, this may be true for a motion to dismiss, but when a party moves for judgment on the pleadings incorporating substantive issues, a court may rely on summary and post-judgment standards to explain the substantive legal standards that apply to the case. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (ruling that when a movant moves for judgment on the pleadings the court may rely on summary judgment cases at the pleading stage to explain the substantive legal standards that apply to the case).

Regardless, of whether the Court applies the malice standard, Gilsinger did not allege who from CVMIC acted intentionally towards him, and his state law claims must be denied.

### IV. GILSINGER FAILED TO STATE A CLAIM FOR AGE DISCRIMINATION.

In Gilsinger's response, he incredibly argues that his "EEOC complaint explained the nature of his age discrimination in significantly more detail, putting CVMIC on notice as to the

specific basis of his claim." (Dkt. 48, p. 9) The EEOC Charge was not attached to the Amended Complaint, and therefore, not a part of the operative complaint. *See* Fed. R. Civ. P. 10; *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). Gilsinger could have attached or included that information if he believed it would have placed CVMIC on notice. Gilsinger deliberately chose not to include that information and the EEOC charge cannot be considered. If this was in error, CVMIC should not be punished for Gilsinger's failure. The Court has already cautioned that "mediocrity, animated with a lack of attention to detail, resulting in poor preparation, has no place in the skill set of any practicing member of the bar who holds himself or herself out as an officer of the Court." (Dkt. 36, p. 1-2)

In addition, the EEOC Charge also does not contain sufficient allegations that Gilsinger was discriminated against based on age. There, Gilsinger claimed, as he did here, that he was told by CVMIC's CEO that his termination was the result of an "organizational re-organization." *See Gilsinger v. Cities and Villages Mutual Insurance* Company, EEOC Charge No. 443-2020-02303. Gilsinger claimed that the re-organization was pretextual and was planned to result in only his termination. *Id.* Gilsinger claimed that the CEO and Board denied him eligibility for the new Director of Claims position. *Id.* Gilsinger then claimed that "but for my age and my opposition to the age discrimination practiced against me, I would have been retained in my position and appointed to the Director of Claims position." *Id.*

As CVMIC argued in its moving brief, direct evidence requires an admission by the decisionmaker that his actions were based on age, *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 321 (7th Cir. 2003). The indirect method requires Gilsinger to demonstrate that he: (1) was over 40 years old; (2) was meeting his legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than younger,

similarly situated employees. *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Gilsinger did not plead that a CVMIC employee directly admitted to discriminating against him, or that he was treated less favorably than younger, similarly situated employees.

Therefore, Gilsinger's claim as plead should be dismissed with prejudice for failure to state a claim.

V. **GILSINGER IS PRECLUDED FROM BRINGING A PROMISSORY ESTOPPEL CLAIM AGAINST CVMIC.**

Gilsinger argues that *Higgins v. Catalyst Exhibitors, Inc.*, does not apply to this case because the parties in *Higgins* had a valid contract in place. *See* (Dkt. 48, p. 10) Gilsinger is incorrect.

In *Higgins*, plaintiff filed a complaint and alleged breach of contract and promissory estoppel. No. 21-CV-1021, 2022 WL 356019 at *1. The plaintiff, like Gilsinger, alleged that he had a valid employment contract. *Id.* at *7. There, the defendants moved to dismiss all claims—they specifically disputed that there was a valid contract. *Id.* at *1-2. This Court ruled that although a party can plead alternative theories of relief under both legal and equitable grounds, "where a plaintiff <u>asserts</u> a breach of contract claim and fails to <u>allege</u> any facts from which it could at least be inferred that the contract on which that claim is based might be invalid, the plaintiff is precluded from pleading in the alternative claims that are legally incompatible with the contract claim." *Id.* at *7; *quoting Harley Marine Serv., Inc. v. Manitowoc Marine Grp., LLC*, 759 F. Supp.2d 1059, 1061 (E.D. Wis. 2010)(with emphasis). This Court thus dismissed plaintiff's promissory estoppel claim. *Higgins* at *7.

This case is no different. What Gilsigner failed to recognize is that the rule is specific to the pleading itself. That is, it does not matter whether the defendant disputes the contract, so long as plaintiff alleges that there was a valid contract. Here, Gilsinger alleged that there was a valid

contract. *See* (Dkt. 25, ¶ 93) Therefore, his promissory estoppel claim must be dismissed regardless of whether CVMIC disputes the validity of the alleged contract.

## CONCLUSION

Gilsinger had knowledge of individuals and facts that he chose not to include in his Amended Complaint. Gilsinger's argument that CVMIC was responsible for advising him to include that information is irrational. The Court should not award his careless or deliberate sandbagging technique with a third chance to draft his complaint. The moved upon claims must be dismissed with prejudice.

**[SIGNATURE PAGE FOLLOWS]**

Dated at Milwaukee, Wisconsin this 9th day of July, 2022.

        WIRTH + BAYNARD
        Attorneys for Defendant Cities and
        Villages Mutual Insurance Company

By:    */s/ Kyle R. Moore*
        Kyle R. Moore, WI State Bar No. 1101745
        788 North Jefferson Street, Suite 500
        Milwaukee, WI 53202-4620
        T: (414) 225-4060 / F: (414) 271-6196
        E-mail: krm@wbattys.com