# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREG GILSINGER,

                Plaintiff,

v.

CITIES AND VILLAGES MUTUAL
INSURANCE COMPANY and
ANDREW J. SERIO,

                Defendants,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

           Intervenor Defendant.

Case No. 21-CV-831-JPS

**ORDER**

On July 8, 2021, Plaintiff Greg Gilsinger ("Gilsinger") filed a complaint against Cities and Villages Mutual Insurance Company ("CVMIC"), his former employer, and Andrew J. Serio ("Serio"), an independent consultant to CVMIC. ECF No. 1. On August 3, 2021, Serio filed a Federal Rule of Civil Procedure 12(b)(6) partial motion to dismiss Gilsinger's complaint. ECF No. 5. On January 31, 2022, the Court granted Serio's partial motion to dismiss and ordered Gilsinger to file an amended complaint within thirty days of the order, after a meet-and-confer between the parties. ECF No. 21 at 9–11. On February 25, 2022, March 2, 2022, and March 4, 2022, respectively, Serio, Gilsinger, and CVMIC each filed a report on the parties' meet-and-confer process. ECF Nos. 24, 26, 27. On March 2, 2022, Gilsinger timely filed an amended complaint. ECF No. 25. On March

14, 2022, Serio filed a renewed Rule 12(b)(6) partial motion to dismiss Gilsinger's amended complaint. ECF No. 29.

In its order on Serio's renewed partial motion to dismiss, the Court explained the various deficiencies it observed in the parties' meet-and-confer process. "In the interest of judicial efficiency," however, and because the parties had already been instructed to meet and confer once as to the amended complaint and a prospective motion to dismiss, the Court addressed the merits instead of ordering—in the Court's view—obstinate parties to meet and confer again on the exact same issues. ECF No. 35 at 9. Thereafter, the Court issued its pretrial order and a trial scheduling order. In pertinent part, the pretrial order provides:

1. **MOTIONS TO DISMISS**

If any defendants contemplate filing a motion to dismiss, the parties must meet and confer *before* the motion is filed. The defendant(s) should take care to explain the reasons why they intend to move to dismiss the complaint, and the plaintiff(s) should strongly consider filing an amended complaint.

For **substantive motions to dismiss**, the Court will consider only the facts as they are stated in the complaint; the parties should omit a facts section from their briefing. The parties must also submit agreed-upon proposed jury instructions detailing the elements of each claim and defense. The proposed jury instructions must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. The proposed jury instructions should be submitted as a separate filing. This exercise will help the parties identify any deficiencies in the complaint. In their briefing, the parties should refer to the proposed jury instructions to guide the Court through the relevant facts. In each instance, pleadings and discovery should be narrowly tailored to meet each of the elements of Plaintiff's claims, as well as defenses. Regrettably, all too often in today's world,

pleadings and associated discovery have been relegated to little more than obfuscation masquerading as a stream of consciousness.

[…]

**In general**, if a complaint can be remedied simply by adding more detail, then the plaintiff(s) should either act preemptively to amend the complaint or the parties should agree to proceed to the fact-finding portion of the proceeding, e.g., summary judgment or trial. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend; therefore, it is in everyone's interest to discuss the matter prior to the submission of a motion to dismiss. […]

## 2. MOTIONS FOR SUMMARY JUDGMENT

For summary judgment motions, the parties must meet and confer at least thirty (30) days prior to filing the motion. Notwithstanding Civil Local Rule 56(b), the parties must submit a single, agreed-upon statement of facts, written in *narrative*, paragraph form and consisting of only material facts and the minimum necessary contextualizing facts. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts. Any disputed facts must be itemized separately and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page per party. The parties must certify in writing that they met and conferred prior to filing any dispositive motion. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because an attorney may submit a motion for summary judgment does not mean that he or she is obliged to do so.

In addition to the joint statement of facts, the parties must also submit agreed-upon proposed jury instructions. Once again, the proposed jury instructions must be tailored to the facts of the case, edited, and formatted exactly as the parties expect that they would be delivered to a jury; form-

book citations are simply unacceptable. The proposed jury instructions should be submitted as a separate filing. This exercise will help the parties distill their statement of facts to only those facts that are relevant and material. In their briefing, the parties should refer to the proposed jury instructions to guide the Court through the relevant facts.

[…]

ECF No. 36 at 2–5.

Now before the Court is CVMIC's Rule 12(c) motion for judgment on the pleadings. ECF No. 39. Therein, CVMIC argues that "[s]everal of Gilsinger's claims against CVMIC fail as a matter of law or fail to plead sufficient facts that establish a plausible claim for relief against CVMIC." *Id.* at 2. Gilsinger opposes the motion on its merits, but argues separately that the motion should be denied due to CVMIC's failure to meet and confer prior to filing the motion, in contravention of three of the Court's prior orders. ECF No. 48 at 3–4 (referring to ECF Nos. 21, 35, 36). CVMIC counters that the Court's orders "provide[] that parties must meet and confer prior to filing motions to dismiss or motions for summary judgment"; the orders "do[] not require the parties to meet and confer prior to filing a motion for judgment on the pleadings." ECF No. 49 at 4. Alternatively, CVMIC argues that "[e]ven if counsel was required to meet and confer with Gilsinger's counsel there would be nothing on which to confer . . . . CVMIC has accepted Gilsinger's factual allegations as true for purposes of this motion." *Id.* In other words, CVMIC maintains that, because it accepts Gilsinger's factual allegations as true, "there is no potential dispute of facts on which to stipulate . . . . [and any] such meeting would have been futile." *Id.* at 2, 4.

In so arguing, the Court discerns that CVMIC references the Court's meet-and-confer obligation for summary judgment motions, which

requires the parties to meet and confer on an agreed-upon statement of facts prior to filing the motion. In contrast, the Court's meet-and-confer requirement for motions to dismiss is tailored towards allowing the plaintiff a chance to amend his complaint prior to the submission of the motion, in light of the issues to be raised in the motion. This requirement does not entail submission of an agreed-upon statement of facts, as it explicitly states that the Court will consider only the facts as pleaded in the complaint. Thus, CVMIC appears to argue that it considers a motion for judgment on the pleadings to either be more akin to a summary judgment motion than a motion to dismiss, or entirely distinct from the categories of motions addressed in the Court's order.

Tellingly, in its moving brief, CVMIC contends that "[t]he same standard as a motion to dismiss under Rule 12(b)(6) applies" to a motion for judgment on the pleadings. ECF No. 40 at 4 (quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017)). Perhaps later realizing its dilemma as to the Court's meet-and-confer requirement after Gilsinger raised the issue in his opposition brief, CVMIC argues on reply that a motion for judgment on the pleadings incorporates both the motion to dismiss *and* the summary judgment standards. ECF No. 49 at 3 (quoting *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) ("[T]he appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings.")). The Court resolves the discrepancies between the two proffered standards by review of *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), which CVMIC also cites in its brief to support the proposition that summary judgment cases may be cited for their substantive legal standards on a motion for judgment on the pleadings. ECF No. 49 at 4. There, the Seventh

Circuit holds that "[a] motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)," but that courts may rely on summary judgment cases in applying the substantive legal standards to the pleadings. *Adams*, 742 F.3d at 728.

Thus, the Court determines that a motion for judgment on the pleadings is more akin to a motion to dismiss than a motion for summary judgment. However, regardless of the applicable standard, the Court's orders clearly require a meet-and-confer prior to filing a motion subject to *either* standard. The Court will not be taken in by CVMIC's poorly disguised gamesmanship and efforts to flout the spirit of the Court's orders. The Court will order CVMIC and Gilsinger to meet and confer. For now, the Court will deny the pending motion for judgment on the pleadings without prejudice. By **September 22, 2022**, if CVMIC and Gilsinger are not able to resolve the pending motion without the Court's intervention, CVMIC may refile its motion with a joint certification stating that it and Gilsinger have complied with the meet-and-confer obligation. The applicable meet-and-confer requirement is that attributed to substantive motions to dismiss, as set forth in the Court's pretrial order. ECF No. 36 at 2–3. Only then will the Court consider the motion. Alternatively, if CVMIC and Gilsinger are able to resolve the pleadings issues via a second amended complaint, Gilsinger must submit the second amended complaint by **September 22, 2022**.

Accordingly,

**IT IS ORDERED** that Defendant Cities and Villages Mutual Insurance Company's motion for judgment on the pleadings, ECF No. 39, be and the same is hereby **DENIED without prejudice**;

Case 2:21-cv-00831-JPS   Filed 09/01/22   Page 6 of 7   Document 50

**IT IS FURTHER ORDERED** that Defendant Cities and Villages Mutual Insurance Company and Plaintiff Greg Gilsinger meet and confer;

**IT IS FURTHER ORDERED** that, if Defendant Cities and Villages Mutual Insurance Company and Plaintiff Greg Gilsinger decide that a second amended complaint is appropriate, Plaintiff Greg Gilsinger file it by **September 22, 2022**; and

**IT IS FURTHER ORDERED** that, if Defendant Cities and Villages Mutual Insurance Company and Plaintiff Greg Gilsinger are not able to resolve the pending motion without the Court's intervention, by **September 22, 2022**, Defendant Cities and Villages Mutual Insurance Company may refile its motion with a joint certification stating that it and Plaintiff Greg Gilsinger have complied with the meet-and-confer obligation, in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge